UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHON ERIC JAMES | CIVIL ACTION |
| VERSUS | NUMBER: 22-2877 |
| RANDY SMITH, ET AL. | SECTION: "D"(5) |

## ORDER

Before the Court is a Reconsider Motion [sic] for Appointment of Counsel or Assistance (rec. doc. 27) filed by Plaintiff Stephon Eric James. Having reviewed the pleading and the case law, the Court rules as follows.

I. **Background**

Plaintiff is an inmate at the St. Tammany Parish Jail ("the Jail"). He alleges that he "utilizes a prosthetic eye which requires sanitary cleaning and maintenance to protect the exposed socket from infection." (Rec. doc. 4-1 at p. 12). Plaintiff alleges that he received delayed medical treatment and/or cleanings for his prosthetic eye at the Jail. (*Id.* at pp. 12-13). Plaintiff maintains that as a result of the delayed treatment, he suffered an infection in his eye socket that resulted in pain and emotional distress. (*Id.*). On September 12, 2022, Plaintiff sued various officials and medical personnel at the Jail under 42 U.S.C. § 1983 regarding the allegedly inadequate medical care that he received for his prosthetic eye.

II. **Law and Analysis**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior order as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). *Lavespere v. Niagara*

*Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).  The difference in treatment is based on timing.  If the motion is filed within 28 days of the order, then it falls under Rule 59(e).  *Id.*  However, if the motion is filed more than 28 days after the judgment, it is governed by Rule 60(b).  *Id.*  In the present case, Plaintiffs' motion for reconsideration (rec. doc. 27) was filed on March 3, 2023, which is more than 28 days after the December 19, 2022 order (rec. doc. 20) denying Plaintiff's motion to appoint counsel.  As a result, Plaintiffs' motion for reconsideration is analyzed under the more stringent Rule 60(b) standard.  *Villarrubia v. Encompass Indem. Co.*, No. CIV. A. 10-734, 2011 WL 2413492, at *1 (E.D. La. June 13, 2011).

Rule 60(b) provides that a court may reconsider an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on a prior judgment that has been reversed or vacated, or it is no longer equitable for the judgment to have prospective application; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  A district court has considerable discretion to grant or deny relief under Rule 60(b). *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir.2005).  A district court abuses its discretion only if it bases its decision on an erroneous view of the law or clearly erroneous assessment of the evidence.  *Id.*; *Villarrubia*, 2011 WL 2413492, at *1.

The Court finds that Plaintiff has not satisfied the stringent standards of Rule 60(b) for reconsideration of this Court's order denying him counsel. This Court granted Plaintiff pauper status, and his indigence weighs in his favor. (Rec. doc. 7). And while the Court originally relied, *inter alia*, on the fact that there was no evidence to indicate whether Plaintiff had made any effort to secure counsel himself, Plaintiff now submits exhibits that he did seek outside counsel, who declined to represent him. (Rec. doc. 27-1). However, these exhibits do not change the Court's ultimate conclusion that this is not a complex case; it is fact-driven and only involves the underlying medical services that Plaintiff received at the Jail, medical services about which Plaintiff is familiar. The underlying facts of his medical treatment are already known to Plaintiff, and he has demonstrated that he will be able to present his case adequately. Despite his protestations to the contrary, Plaintiff has drafted his complaint (rec. doc. 4-1), a motion for a preliminary injunction (rec. doc. 9), his first motion to appoint counsel, a motion to compel discovery (rec. doc. 21), and the instant motion for reconsideration. (Rec. doc. 27). Plaintiff's main complaint is that he has very limited access to the law library or "inmate counsel" at the Jail. But that is true for the majority of inmates at prisons across the United States, and if this Court were to find that as a basis for the appointment of counsel, such a finding would eviscerate the requirement that "exceptional circumstances" exist to appoint counsel. Plaintiff has demonstrated that he is able to enunciate the facts underlying his Section 1983 claim, and the Court does not find that counsel would be of assistance to it. Plaintiff has not met a factor under the Fifth Circuit's test for reconsideration under Rule 60(b), and reconsideration is thus unwarranted.

### III.     Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Reconsider Motion [sic] for Appointment of Counsel or Assistance (rec. doc. 27) is **DENIED**.

New Orleans, Louisiana, this  30th  day of      March     , 2023.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**