**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEPHON ERIC JAMES** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 22-2877** |
| **RANDY SMITH, ET AL.** | **SECTION: "D"(5)** |

**ORDER AND REASONS**

Before the Court is the Motion to Dismiss (rec. doc. 29) filed by Defendants, St. Tammany Parish Sheriff Randy Smith, St. Tammany Parish Jail Warden Daniel Fleischman, St. Tammany Parish Jail Assistant Warden Rhonda Simmons, and St. Tammany Parish Sheriff's Office Deputy Aaron Hines (collectively, "Defendants").[1] Plaintiff, Stephon Eric James opposes the motion. (Rec. doc. 37). Having reviewed the pleadings and the case law, the Court rules as follows.

## I. Background

*Pro se* Plaintiff Stephon Eric James sued Defendants under 42 U.S.C. § 1983 regarding the medical care that he received for his prosthetic eye while he was incarcerated at St. Tammany Parish Jail ("the Jail"). (Rec. docs. 4, 4-1). Taking the allegations in the Complaint as true and construing the allegations in the light most favorable to Plaintiff,[2] Plaintiff uses a prosthetic eye that requires sanitary cleaning and maintenance to protect his exposed socket from infection. (Rec. doc. 4-1 at 12). Plaintiff's claims relate to the medical treatment that he received from May 8, 2022 to August 2, 2022. (*Id.* at 6-12).

[1] The parties consented to proceed before the undersigned under 28 U.S.C. § 636(c) on May 25, 2023. (Rec. doc. 43).

[2] *UST-Mamiya, Inc. v. True Sports, Inc.*, 441 F. Supp. 3d 382, 387 (N.D. Tex. 2020) (citing *J & J Sports Prods., Inc. v. Live Oak Cnty. Post No. 6119 Veterans of Foreign Wars*, Civ. A. No. C-08-270, 2009 WL 483157, at *3 (S.D. Tex. Feb. 24, 2009) (quoting *Cent. Laborers' Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546, 550 (5th Cir. 2007)).

All of Plaintiff's allegations culminate in his argument that he received delayed treatment and cleanings for his prosthetic eye. He maintains that on May 28, 2022, a doctor at the Jail ordered wound care twice a week for his prosthetic eye. (*Id.* at 6). He believed that his first visit was to occur on June 1, 2022, but when Hines came to retrieve him, Hines "refused to let him get up to wash [his] face and left [him]." (*Id.*). He informed each nurse that came to the dorm to deliver medication that his infection was worsening and "that [he] needed care and cleaning." (*Id.*). Plaintiff reports that on June 6, 2022, "Nurse Kera noticed that my face was swollen," and, thinking the swelling was caused by his mouth, she ordered antibiotics. (*Id.*). Nurse Kera only later found out that the swelling was caused by the infection in his eye. (*Id.*). On June 12, 2022, the infection had worsened, Plaintiff had depleted his antibiotics, and he still had not seen a doctor or received medical attention. (*Id.*).

On July 1, 2022, Plaintiff submitted a grievance that he had not received the medical care that the doctor had ordered, and his situation had worsened. (*Id.* at 7). Fleischman determined that the grievance was unfounded as Plaintiff had visited the infirmary numerous times in June. (*Id.*).

On July 19, 2022, Dr. Samuel Hamm and Nurse Dee Dee summoned Plaintiff to medical to question him about his grievance. (*Id.*). Nurse Dee Dee informed Plaintiff that she had a medical refusal form that he had signed. (*Id.*). Dr. Hamm retrieved the form, only to discover that only Hines had signed it. (*Id.*). Dr. Hamm and Nurse Dee Dee apologized to Plaintiff, checked his prosthetic eye, and promised they would get him to medical as ordered earlier by Dr. Jose Gore. (*Id.* at 7-8).

For the first time, Plaintiff went for wound care on July 25, 2022, and his eye infection had worsened. (*Id.* at 10). Dr. Hamm and Nurse Dee Dee ordered antibiotic drops. (*Id.*). He also went for a second assessment on July 29, 2022, when Nurse Dee Dee noticed that his infection was still visible. (*Id.*). He still had not received his antibiotics at this time. (*Id.*). Nurse Dee Dee scheduled him for a doctor's appointment on August 2, 2022. (*Id.*). On that date, Plaintiff met with the nurse practitioner who examined his infected eye but "tried to downplay it as something else." (*Id.* at 10-11). In any event, the nurse practitioner ordered Erythromycin ophthalmic ointment with the instruction to use it four times a day. (*Id.* at 11).

During this entire period, Plaintiff alleges that all parties and non-parties to this lawsuit were disappointed with the actions of Hines, supported Plaintiff, and apologized to him. (*Id.* at 8-9, 11). He alleges that Simmons conducted her own investigation into the grievance and, after watching the video footage, realized that Plaintiff had never been to medical or left his housing unit for the "entire month." (*Id.* at 8). She expressed regret at Hines's failure to perform his duties properly. (*Id.*). Deputy Rhodes, who replaced Hines, allegedly informed Plaintiff that Hines had been temporarily suspended from July 25 to August 8, 2022. (*Id.* at 11). Plaintiff then sued on September 12, 2022.

## II. Standard: Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is viewed with disfavor and is therefore rarely granted. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." *See Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But in deciding whether dismissal is warranted the Court will not accept conclusory allegations in the complaint as true. *Id.* at 502-03 (citing *Iqbal*, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Id.* at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted) (citing *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). If the Court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Phoenix on behalf of S.W. v. Lafourche Par. Gov't*, No. CV 19-13004, 2021 WL 184909, at *3-4 (E.D. La. Jan. 19, 2021); *see also* Fed. R. Civ. P. 12(d).

## III. Law and Analysis

In *Estelle v. Gamble*, the Supreme Court held that

> an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

429 U.S. 97, 105–06 (1976).

Defendants argue that Plaintiff cannot state a valid claim under Section 1983 for deliberate indifference to his serious medical needs for two independent reasons: (1) Plaintiff's medical records rebut his allegations; and (2) the allegations against Defendants do not rise to the level of deliberate indifference and constitute no more than negligence. The Court addresses only the second argument.[3]

When a plaintiff sues a jail official in his or her individual capacity, that official may only be held liable under Section 1983 if he or she acted with subjective deliberate indifference. *See Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995). Deliberate indifference "is an extremely high standard to meet[,]" *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985), and requires facts that demonstrate that Defendants "refused to treat [Plaintiff], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009). Further, the plaintiff must establish that the defendant possessed a culpable state of mind: "the official must both be aware of facts from which the inference could be drawn that a substantial risk

---

[3] Defendants attach Plaintiff's medical records to their motion to dismiss to support their first argument. This Court cannot consider evidence submitted with a motion to dismiss without converting the motion to a motion for summary judgment. *Greer v. Carpenters Landing HOA*, No. 4:19-CV-03436, 2020 WL 10051756, at *2 (S.D. Tex. Sept. 3, 2020), *report and recommendation adopted sub nom. Greer v. Carpenters Landing Homeowners Ass'n, Inc.*, No. CV H-19-3436, 2020 WL 10051759 (S.D. Tex. Oct. 20, 2020) ("However, if in connection with a motion to dismiss the Court considers matters outside the pleadings or attached to the motion to dismiss and referenced in the complaint, the motion must be treated instead as a motion for summary judgment under Rule 56 and each party must be given "'a reasonable opportunity to present all the material that is pertinent to the motion.'" (citing Fed. R. Civ. P. 12(d); *Allen v. Hays*, 812 F. App'x 185, 189 (5th Cir. 2020)). The Court finds no reason to do so here.

of serious harm exists, and he must also draw the inference." *Carter v. Gautreaux*, No. CV 19-105-SDD-EWD, 2021 WL 2785332, at *2 (M.D. La. July 2, 2021). "Mere negligence, neglect, or medical malpractice" does not constitute deliberate indifference, *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (citing *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)), nor does "gross negligence." *Hernandez v. Tex. Dep't of Prot. & Reg. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). Rather, "subjective recklessness as used in the criminal law" is the appropriate standard for "deliberate indifference" under the Fourteenth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994); *Hernandez*, 380 F.3d at 881. The mere delay of medical care can also constitute a Fourteenth Amendment violation but only "if there has been deliberate indifference [that] results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993))

The Court first addresses the lack of allegations against Sheriff Smith. Plaintiff's complaint lacks any allegation that Smith had any personal involvement with Plaintiff's medical treatment. At best, Plaintiff's only mention of Smith relates to his review of Plaintiff's grievance, to which Plaintiff received a response. (Rec. doc. 4-1 at 3). That Smith was not involved in Plaintiff's medical care is reason enough to dismiss him from this lawsuit.[4]

---

[4] *Turner v. Lieutenant Driver*, 848 F.3d 678, 695-96 (5th Cir. 2017) ("To be liable under § 1983, Driver must have been personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation.") (citing *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008)); *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("The court delivered this decision with sound authority for the principle that a plaintiff bringing a section 1983 action must specify the personal involvement of each defendant, and dismissed the case as "frivolous" pursuant to 28 U.S.C. § 1915(d)."); *Bone v. Skinner*, No. 4:21-CV-00201, 2022 WL 912100, at *6 (E.D. Tex. Feb. 24, 2022), *report and recommendation adopted*, No. 4:21-CV-201, 2022 WL 906191 (E.D. Tex. Mar. 27, 2022) ("The absence of any allegation of personal involvement requires dismissal of the Sheriff, in any capacity, even without consideration of his remaining asserted grounds.").

As to the three other Defendants, Plaintiff generally complains that he received delays in having his eye cleaned. Such complaints alone have been dismissed at this stage before. *Huff v. Thaler*, No. CA C-12-043, 2012 WL 2120569, at *13 (S.D. Tex. May 1, 2012), *aff'd sub nom. Huff v. Manfredi*, 504 F. App'x 342 (5th Cir. 2012) ("However, to the extent plaintiff complains medical treatment was delayed, delay alone does not give rise to a constitutional violation unless the deliberate indifference results in substantial harm. Plaintiff was receiving treatment and was being monitored by numerous medical providers. His eye infection, while unfortunate, was not an emergency. Plaintiff's allegations against the security personnel defendants fail to establish that these defendants knew of a serious risk to plaintiff's health, but ignored that risk, and therefore, he fails to state a claim against these individuals." (citation omitted)). Plaintiff fails to allege in his complaint that any delay in his treatment was on purpose or resulted in substantial harm.

Plaintiff does not allege that any Defendant had subjective knowledge of Plaintiff's worsening condition and intentionally disregarded it by not cleaning his eye. Not one of the three remaining Defendants is a health care provider, and there is no indication that any of them had any involvement with Plaintiff's treatment. The most generous reading of Plaintiff's complaint reveals that only Hines – who signed the medical refusal form – had any tangential involvement with Plaintiff's treatment – by effectively impeding it. But the Court finds that that was a mere oversight on behalf of the medical staff for not having double-checked the form.[5] The "deliberate indifference" standard permits courts to

[5] The Court notes that this Court recommended dismissal with prejudice of the only two medical defendants in this lawsuit (rec. doc. 31) before the parties consented to proceed before the undersigned. The District Court did not adopt or reject the Report and Recommendation before it referred this lawsuit to the undersigned based on the parties' consent. Having received no objections to the Report and Recommendation, and given the parties' consent, this Court reaffirms its findings in the Report and

separate omissions that amount to an intentional choice from those that are merely unintentionally negligent oversights. *Severin v. Orleans Par. Crim. Sheriff Off.*, No. Civ. A. 15-283, 2015 WL 6128665, at *5 (E.D. La. Oct. 16, 2015), *report and recommendation adopted sub nom. Severin v. Gusman*, No. CV 15-283, 2016 WL 195941 (E.D. La. Jan. 15, 2016) (quoting *Southard v. Tex. Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir. 1997)). Neither does Plaintiff allege that Hines intentionally hid from the medical staff that Plaintiff had not signed the form.

Moreover – and more fatal to Plaintiff's claims – he fails to allege that he suffered substantial harm caused by any delay in medical treatment. Plaintiff alleges only that he suffered discomfort and pain and was denied peace of mind. This is, in and of itself, insufficient to constitute substantial harm. *King v. Kilgore*, 98 F.3d 1338, 1338, 1996 WL 556845 (5th Cir. 1996) (unpublished) (stating that delay in medical care causing pain and discomfort was insufficient to establish substantial harm). Although Plaintiff suffered from an infection in his prosthetic eye, it is equally self-evident that his condition was not life threatening.

The case law is replete with cases more serious than Plaintiff's that hold that delay is not deliberate indifference. *See, e.g., Atkins v. Sheriff's Jail Avoyelles Par.*, 278 F. App'x 438, 439 (5th Cir. 2008) (upholding dismissal as frivolous of claim of deliberate indifference when the plaintiff had not seen a doctor between May 19, 2006 and July 21, 2006); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) (upholding grant of summary judgment on Eighth Amendment claim that alleged that the medical staff had failed to administer 180 doses of the plaintiff's seizure medicine over a one-year period, and that such a lapse

---

Recommendation (rec. doc. 31) and hereby converts it to an order, thereby **DISMISSING WITH PREJUDICE** plaintiff's claims against Drs. Gore and Ham.

evinced deliberate indifference to a serious medical need); *Callaway v. Smith Cnty.*, 991 F. Supp. 801, 809 (E.D. Tex. 1998) ("The fact that Callaway did not see Dr. Stockton until he had been in the jail for 19 days, or Dr. Perkins until he had been in the jail for 56 days, is not proof of deliberate indifference to his serious medical needs either."). In this case law, the courts generally found that such delays only amounted to claims of unreasonableness or negligence, which do not constitute Eighth Amendment violations. *See Atkins*, 278 F. App'x at 439.

Any other possible allegation against Hines is that Hines refused to let Plaintiff get up to wash his face and left him on June 1, 2022 when he was to escort Plaintiff to medical. (Rec. doc. 4-1 at 6). However, the grievance form attached to Plaintiff's complaint reveals that Plaintiff did go to medical on June 1, 2022 when Dr. Gore ordered wound care twice a week for the cleaning of Plaintiff's prosthetic eye. (Rec. doc. 4-1 at 3).[6] The grievance form also indicates that Plaintiff was transported to medical on June 2, 2022, when he cleaned his eye and reported no pain or discomfort. (*Id.*).

Any possible allegation against Fleischman or Simmons only relates to the handling of Plaintiff's grievance. Plaintiff received a response to his grievance. (*Id.*). Resolving a grievance as founded or unfounded or denying a grievance is not a Constitutional basis for liability under Section 1983. A prisoner does not have a Constitutionally protected liberty interest in an adequate grievance procedure or having grievances resolved to his satisfaction. *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)); *Minix v. Stoker*, 289 F. App'x 15, 17 (5th Cir. 2008) (citing *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995)).

[6] This Court may consider the grievance form because Plaintiff incorporated it into this Complaint. *Funk*, 631 F.3d at 783.

In short, Plaintiff has not alleged that any delay to his medical treatment was purposeful, that he was intentionally treated incorrectly, that any delay resulted in substantial harm, and that any one of the remaining three Defendants had any personal involvement with his medical care. For these reasons, Plaintiff's claims fail.

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Dismiss (rec. doc. 29) is **GRANTED**, and Plaintiff's claims against Defendants St. Tammany Parish Sheriff Randy Smith, St. Tammany Parish Jail Warden Daniel Fleischman, St. Tammany Parish Jail Assistant Warden Rhonda Simmons, and St. Tammany Parish Sheriff's Office Deputy Aaron Hines are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 20th day of July, 2023.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**